In re MARCUS–BEY.

Court of Claims of Ohio,
Victims of Crime Division.

No. V92–68545.

Decided March 24, 1994.

*Michael John Downing*, for the applicant.

*Lee Fisher*, Attorney General, for the state.

---

OPINION OF THREE-COMMISSIONER PANEL.

This cause came to be heard before this panel of three commissioners on September 22, 1993 at 11:00 a.m. upon the applicant's April 19, 1993 objection and notice of appeal to the March 31, 1993 decision of the single commissioner.

The Attorney General, applicant, and counsel for the applicant attended the hearing and presented testimony and oral argument for the panel's consideration.

The single commissioner had denied applicant Sheba Marcus–Bey an award of reparations due to her failure to ever report the criminally injurious conduct to appropriate law enforcement officials. R.C. 2743.60(A) states in pertinent part:

"An award of reparations shall not be made to a claimant if the criminally injurious conduct upon which he bases his claim was not reported to a law enforcement officer or agency within seventy-two hours after the occurrence of the conduct, unless it is determined that good cause existed for the failure to report the conduct within the seventy-two hour period."

The evidence indicates that on December 27, 1990, applicant was shot by an unknown offender who attempted to rob her outside her home. Applicant's mother, Rosemary Marcus–Bey, testified applicant entered the home after being shot and she called 911 for applicant. Mrs. Marcus–Bey was told the police would be right there; however, when the police had still not arrived fifteen to twenty minutes later, she took applicant to the hospital. Mrs. Marcus–Bey states she stopped at a parked police cruiser en route to the hospital and told the officer her daughter had been shot.

Applicant testified her mother did call 911 immediately after she entered the home and she heard her mother say "my daughter's been shot." Applicant also testified she remembers stopping at a parked police cruiser on the way to the hospital. Applicant was released after treatment, but returned the next day due to complications, was hospitalized for ten days, and underwent surgery. Applicant was placed on convalescent leave from the United States Marine Corp and told she needed a copy of the police report to verify her injury. Applicant testified it was at that time, when she went to the police station to obtain a copy of the report, she discovered no written report was ever made. Therefore, applicant filed a written report on January 28, 1991; this report was subsequently submitted to the court on October 14, 1993.

Applicant's counsel argued that R.C. 2743.60(A) does not require a written report but merely that the criminally injurious conduct be reported to an appropriate law enforcement officer within seventy-two hours and that this requirement was met because the criminally injurious conduct was reported orally twice within minutes of its occurrence—first via the 911 call placed by applicant's mother and second by telling the uniformed officer in the police cruiser on the way to the hospital.

This panel agrees the telephone call to 911 and the face-to-face reporting of the criminally injurious conduct to the police officer in the cruiser fulfill the reporting requirement of R.C. 2743.60(A) pursuant to *In re Rea* (1989), 61 Ohio Misc.2d 732, 584 N.E.2d 1350. Further, it is irrelevant that applicant herself did not telephone 911 or tell the officer of the criminally injurious conduct, as R.C. 2743.60(A) does not specify who must notify law enforcement.

From review of the file and with full consideration given to testimony and oral argument presented at the hearing, this panel finds an oral report of the criminally injurious conduct was made on the day of its occurrence and met the reporting requirements of R.C. 2743.60(A). Therefore, the March 31, 1993 decision of the single commissioner shall be reversed. Further, the claim shall be remanded to the single commissioner for determination and referred to the Attorney General for further investigation and a new finding of fact and recommendation addressing applicant's economic loss.

*So ordered.*

KARL H. SCHNEIDER, JAMES H. HEWITT III and PHILLIP E. PARISI, Commissioners, concur.